CORREA, PLAINTIFF AND APPELLANT, *v.* QUIÑONES, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in an Action of Unlawful Detainer.

No. 2266.—Decided January 25, 1921.

UNLAWFUL DETAINER—CONCUBINAGE—CONJUGAL PARTNERSHIP.—Although concubinage of itself can not create a conjugal partnership, yet when there is some evidence to support the allegation of the defendant in an action of unlawful detainer at sufferance that the property involved is owned in common by the parties, although recorded in the name of the plaintiff, because it was built with the funds of both while living in concubinage, and that by common agreement when the concubinage terminated he occupies the part of the house from which it is sought to eject him, the action of unlawful detainer is not the proper remedy and should not prosper.

The facts are stated in the opinion.
*Mr. M. F. Rossy* for the appellant.
*Mr. F. C. Mas* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The plaintiff-appellant, Dominga Correa, brought an action of unlawful detainer in the District Court of San Juan, Section 1, on October 9, 1919, against defendant Elías Quiñones, alleging that she was the owner of a house in Carolina, a part of which was occupied by the defendant at sufferance and without paying any rent, for which reason she prayed that he be ordered to vacate the house under penalty of eviction.

The defendant answered the complaint, alleging as a defense that he was not in possession of the house at sufferance, but as a joint owner in common with the plaintiff, because the house had been constructed with the funds of both parties while they were living together as husband and wife for a period of thirteen years up to the 13th of June, 1919, and also by virtue of an agreement between them that the plaintiff should occupy half of the house and the defendant the part which he was occupying until a partition was made of the properties of the partnership existing between them.

The court entered judgment on November 1, 1919, dismissing the complaint and the plaintiff appealed therefrom.

We need not decide in this action whether or not the plaintiff is the sole owner of the house, for that is not a proper question in an action of unlawful detainer, which is a special proceeding for the single purpose of recovering the possession of some real property by evicting therefrom one who detains it without any title thereto. *Torres et al. v. Pérez,* 18 P. R. R. 557. The question here is whether or not the defendant is in possession of the part of the house in question at sufferance.

The evidence of the plaintiff tends to show that Dominga Correa recorded the ownership title to the house in her name in the registry of property in a deed of April 19, 1918, wherein she stated that she had built the house on a lot granted to her by the municipal council of Carolina by a resolution of August 15, 1914; that she paid $4 into that municipal treasury for a permit to construct the said house, and that on October 6, 1916, the mayor of Carolina gave her a permit to repair the house and a similar permit was given to her by the engineer of the Department of Health on November 20th of the same year.

When the plaintiff produced receipts for the taxes which she had paid on the house the defendant admitted that Dominga Correa had been paying the taxes on the house in

her own name from the year 1914 when it was erected until the fiscal year 1919–1920.

The defendant introduced testimony tending to show that while living in concubinage with the plaintiff he built the house with money belonging to both, the plaintiff paying the weekly expenses sometimes and the defendant sometimes, and that upon terminating their community life the plaintiff agreed with the defendant to give him one-half of the house or to retain it herself by paying the defendant one hundred dollars for his interest, the defendant to remain in the house until the said sum was paid to him.

Concubinage can not of itself create any right of any kind as regards the persons living in such a condition, and of course concubinage can not originate a legal conjugal partnership; but leaving aside the matter of concubinage entirely, the defendant denies that he is in possession at sufferance of the part of the house sued for and alleges that the house belongs in common to both parties because it was built with the funds of both, and that he occupies the part sued for by virtue of an agreement entered into between them upon terminating their community life. This allegation is not without some show of evidence; therefore an action of unlawful detainer does not lie and the parties must settle the question of the title to the property in an ordinary action before the action here brought can prosper. *Torres et al.* v. *Pérez, supra.*

The action of unlawful detainer lies only when between the lessee and lessor, or between the owner of the property and one who is in possession at sufferance, there exist no other legal relations than such as are derived therefrom and when with respect to them no reasonable doubts are raised requiring an examination and discussion appropriate only to the proper declaratory action. Judgment of the Supreme Court of Spain of May 29, 1906, accepted by this court in

the case of *Veve et al.* v. *Fajardo Sugar Grower's Association,* 18 P. R. R. 277.

The judgment appealed from must be

*Affirmed.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.